**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 2:19-CR-11-JRG-RSP |
| § | |
| BEAU DANIEL MERRYMAN § | |

### ORDER

Defendant, Beau Daniel Merryman, moves this Court for a continuance of the above entitled criminal action on the grounds that additional time is needed for counsel to prepare for trial. Trial in this matter is currently set for a criminal session of this Court in the Marshall Division of the Eastern District of Texas, commencing on **February 1, 2021**. If a continuance is not granted, Defendant's right to effective assistance of counsel will be compromised. Counsel for the Government does not oppose this motion.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nevertheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476

U.S. 1178 (1986).

The ends of justice require this court to continue the above entitled criminal action, giving consideration to counsel for Defendant's assertion that additional time is needed to for counsel to prepare for trial, including the interviewing of any and all potential witnesses. Further, counsel for Defendant needs additional time to review the discovery in this matter.  The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial served by taking this action.  18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  *See United States v. Eakes*, 783 F.2d 499, 504 (5th Cir. 1986), *cert. denied*, 477 U.S. 906 (1986).   It is so found, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and in the exercise of the court's discretion, it is found that the motion for continuance should be granted.  Accordingly, it is

**ORDERED** that the motion for continuance should be, and is hereby, **GRANTED.**  It is further **ORDERED** that the jury selection and trial in this matter be reset **to April 5, 2021, at 9:00 a.m.,** in Marshall, Texas**.**  A pre-trial conference is scheduled for **March 29, 2021, at 9:00 a.m., in** Marshall, Texas**.**

**IT IS FURTHER ORDERED** that the deadline for notifying the Court of any plea bargain or plea agreement entered into by the parties in this cause is **Monday, March 15, 2021, by 12:00 p.m.**

**So ORDERED and SIGNED this 7th day of January, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE